UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LAZ KARP ASSOCIATES, LLC, ) ) Plaintiff, ) ) v. ) ) DEAN AUTO COLLISION CENTER, INC., ) ) Defendant. ) ) | C.A. No. 1:24-cv-00179-MSM-LDA |

ORDER

Mary S. McElroy, United States District Judge.

Before the Court is the defendant, Dean Auto Collision Center, Inc.'s ("Dean Auto") Motion to Dismiss for Lack of Subject Matter Jurisdiction, which, for the reasons below, the Court GRANTS. (ECF No. 20.)

On January 2, 2024, an employee of the plaintiff, LAZ Karp Associates, LLC ("LAZ"), was involved in an accident in Boston, Massachusetts, when driving a Ferrari owned by a third party, Christian Silvestri. (ECF No. 1 ¶ 9.) Mr. Silvestri had the Ferrari towed from Massachusetts to Dean Auto in Providence, Rhode Island for storage and/or repair. *Id.* ¶¶ 4, 10. Mr. Silvestri also entered an agreement with Dean Auto and its affiliate Richmond Rental Rhode Island to rent a vehicle with a daily rate of over $900. *Id.* ¶ 11.

On February 7, 2024, LAZ entered into a settle agreement with Mr. Silvestri, whereby LAZ paid him $137,000 to release any claims he may have against LAZ

1

related to the accident and to assist with payment of Mr. Silvestri's rental costs. *Id.* ¶ 13. As part of this release agreement, Mr. Silvestri also assigned ownership of the Ferrari to LAZ. *Id.* ¶ 14.

In March 2024, LAZ requested that Dean Auto release the vehicle to LAZ and offered to pay the storage fees up to sixty-four days, totaling $3,557.50. (ECF No. 1 ¶ 15.) Dean Auto refused to release the Ferrari to LAZ, despite LAZ offering to provide a copy of the title establishing LAZ as the owner of the vehicle. *Id.* ¶¶ 15, 16. Dean Auto asserts that it notified LAZ several times that it would release the vehicle upon payment of towing and storage charges accumulating at a rate of thirty dollars per day until the vehicle was picked up. (ECF No. 7 at 5.) It is Dean Auto's policy to not release a vehicle until the owner that dropped the vehicle off has provided a signature. *Id.* Dean Auto indeed refused to release the vehicle without Mr. Silvestri's signature and payment for the towing and storages charges, totaling $7,967.50. *Id.*

LAZ filed this action alleging Dean Auto is unlawfully holding the Ferrari in its possession and brings claims of conversion, negligence, and deceptive trade practices. (ECF No. 1 ¶ 16-33.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. of Am.*, 511 U.S. 375, 377 (1994). Generally, this Court has jurisdiction over two "types of cases: cases that 'arise under federal law,' [28 U.S.C.] § 1331, and in cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship of the parties, [28 U.S.C.] § 1332.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Although it brings only state-law claims, LAZ's position

2

is that this Court has diversity jurisdiction under 28 U.S.C. § 1332. *Id.* ¶ 5-6. Dean Auto's position is that LAZ has failed to establish either element of diversity jurisdiction. (ECF No. 20 at 1.)

The Court begins, and ends, with the amount in controversy requirement. A plaintiff's asserted amount in controversy sum controls if made in objective good faith, meaning that, "to anyone familiar with the applicable law," the "claim could objectively have been viewed as worth" more than $75,000. *Abdel-Aleem v. OPK Biotech LLC*, 665 F.3d, 38, 41 (1st Cir. 2012) (citations omitted). When a defendant challenges a plaintiff's stated amount in controversy, the burden shifts to the plaintiff (here, LAZ) to allege "with sufficient particularity," facts showing that it is not a legal certainty that the claim involves less than $75,000. *Anderson v. Vagarao, Inc.*, 57 F.4th 11, 14 (1st Cir. 2023) (citations omitted). Dismissal is justified where it appears to a legal certainty that the claim is worth less than this jurisdictional amount. *Abdel-Aleem*, 665 F.3d at 41.

Here, LAZ seeks possession of the vehicle, which it has title to, from Dean Auto, who currently possesses it. This Court finds persuasive the decisions of other district courts holding that amount in controversy requirement is determined by the value of possession of property when a plaintiff is primarily seeking possession of property it owns. *See, e.g.*, *PHH Mortg. Corp. v. Lanou*, No. 14-10495-MGM, 2015 WL 162811 (D. Mass. Jan. 13, 2015). In *PHH Mortg. Corp.,* the court found that when the object of an action is the value of right to possession to property a plaintiff already owns, the plaintiff must allege sufficiently particular facts to show the value of possession

3

of property, and any incidental damages, exceeds the jurisdictional minimum to meet the amount in controversy requirement. *Id.* at *4. Similarly, in *Firestone Realty Group v. Mojica,* the court held in forcible detainer actions, the amount in controversy is determined by the value of the right to occupy or possess the property, not the property's fair market value. 4:21-cv-00481-P, 2021 WL 3751165 (N.D. Tex. Apr. 1, 2021).

Although LAZ argues that the jurisdictional requirement is met because of the amount it paid to Mr. Silvestri in their release agreement, that is not evidence of the possessory value of the vehicle, plus incidentals such as storage and towing costs, which are the focus of this action. The release agreement also included any claims Mr. Silvestri had against LAZ, which would include the value of the vehicle before LAZ's employee's accident, which are not in controversy here. Moreover, Dean Auto presents evidence, by way of an affidavit of vehicle appraisal, that the value of the car itself, post wreck, is approximately $35,000. (ECF No. 20 at 2.) Even if it is seeking payment of storage and towing costs as value of possession, these are only alleged to be under $10,000. (ECF No. 7 ¶ 14-22.) Thus, even considering the fair market value of the vehicle with the towing and storage fees, the amount in controversy does not exceed $75,000, as required to invoke this Court's diversity jurisdiction.

For these reasons, Dean Auto's Motion to Dismiss is GRANTED. Because this dismissal is made on jurisdictional grounds, it is made without prejudice.

IT IS SO ORDERED:

_____
Mary S. McElroy,
United States District Judge
February 21, 2025